UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-178-FDW

| | |
|---|---|
| AMY MICHELLE AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| SWAIN COUNTY DETENTION CENTER, et al.,) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff have moved to proceed *in forma pauperis*. (Doc. No. 2).

**I. BACKGROUND**

*Pro se* Plaintiff has filed a Complaint pursuant to 42 U.S.C. § 1983 about the conditions of confinement she is experiencing as a pretrial detainee at the Swain County Detention Center. She names as Defendants: Swain County Detention Center, SCDC Administrator Leanna Arch, and Swain County Sheriff Curtis Cochran.

Construing the Complaint liberally and accepting the allegations as true, Plaintiff has been incarcerated at SCDC since April 4, 2019. Since that time she expressed concerns and needs to detention officers or ranking officers but they are not receptive to inmates concerns and/or needs. She has asked for a reasonable amount of toilet paper due to prior surgery and Crohn's disease, which was approved by a nurse, but she has been given only two rolls a week. She purchases more when she is able but is often indigent. She has used whatever is available, including a t-shirt and sanitary napkins. She complains that inmates are only allowed to sleep between 6:00 AM and 11:00 PM, and inmates face disciplinary action if they do not comply. Temperatures are "below

1

average." (Doc. No. 1 at 3). Plaintiff feels her privacy is being violated due to male officers seeing in the showers of the female housing pod. Plaintiff is embarrassed by the situation and puts off showering until absolutely necessary or until a female is watching. Plaintiff is concerned about the PREA because there is no confidential system to report any incidents. She addressed this issue with Sergeant Travis, Lieutenant Grant, and Detention Officer Chris but Plaintiff has not been properly informed and the PREA is not posted anywhere in the facility. As a federal inmate at SCDC, Plaintiff is being refused recreation time outside the housing unit. She has raised this several times with several detention officers and has been told that there is plenty of room inside for recreation. She has not been outside to get fresh air and exercise in nearly two months. On May 29, 2019, Administrator Arch came with a nurse to address medical complaints. Plaintiff asked about recreation time and Arch confirmed that there is sufficient room in the pod to exercise. She said that the inmates, including Plaintiff, would "not ever be able to go outside" because there is insufficient staff to watch inmates outside. (Doc. No. 1 at 7). As a result of breathing stale air, Plaintiff has sneezing, stuffiness, and headaches. Plaintiff states she has no physical injuries but has suffered mental and emotional distress. She seeks injunctive relief.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *pro se*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary

relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). She must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1) Parties**

In order to successfully allege a violation of 42 U.S.C. § 1983, the plaintiff must allege that a "person" acting under the color of state law violated the plaintiff's constitutional rights. Rule 17(b) of the Federal Rules of Civil Procedure states that a party's capacity to be sued is determined by the law of the state in which the District Court is held. Under North Carolina law, unless a statute provides to the contrary, only persons in being may be sued. McPherson v. First & Citizens

Nat. Bank of Elizabeth City, 240 N.C. 1, 18, 81 S.E.2d 386 (1954). Jails may not be sued. Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit."). The Swain County Detention Center is not a person under § 1983 and the claims against it will be dismissed with prejudice.

Plaintiff also names in the Complaint several individuals who are not named as Defendants. in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

**(2)     Conditions of Confinement**

Pretrial detainees possess a constitutional right "to be free from punishment." Bell v. Wolfish, 441 U.S. 520, 535 (1979); Williamson v. Stirling, 912 F.3d 154, 173-74 (4th Cir. 2018). A substantive due process claim challenges the general conditions of confinement or the treatment of all detainees in a specific facility. Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 250 (4th Cir. 2005); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1998). The controlling inquiry for such a claim is whether the conditions imposed on pretrial detainees constitute "punishment." Bell, 441 U.S. at 535-39. In order to prevail on a substantive due process claim, the pretrial detainee must show that a particular restriction was either: "(1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective." Williamson, 912 F.3d at 174.

Plaintiff alleges that, as a pretrial detainee, she is being exposed to unreasonable or punitive conditions of confinement. She has stated a minimally plausible claim that will be permitted to

4

proceed at this preliminary stage.

## IV. CONCLUSION

For the reasons stated herein, the claims against the Swain County Detention Facility will be dismissed with prejudice but the remaining claims will be permitted to proceed.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.

2. Plaintiff's claims about unconstitutional conditions of pretrial detention against Defendant **Leanna Archer** and **Curtis Cochran** pass initial review pursuant to 28 U.S.C. § 1915, but the claims against the Swain County Detention Center are dismissed with prejudice.

3. **IT IS FURTHER ORDERED THAT** the Clerk is directed to mail summons forms to Plaintiff for Plaintiff to fill out and return for service of process on Defendants Archer and Cochran. Once the Court receives the summons forms, the Clerk shall then direct the U.S. Marshal to effectuate service on Defendants. The Clerk is respectfully instructed to note on the docket when the forms have been mailed to Plaintiff.

4. The Clerk of Court is instructed to mail Plaintiff a Notice and Response form pursuant to Standing Order 3:19-mc-60.

Signed: December 13, 2019

Frank D. Whitney
Chief United States District Judge