# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00178-MR

| | |
|---|---|
| AMY MICHELLE AUSTIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SWAIN COUNTY DETENTION )<br>CENTER, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court *sua sponte*.

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983 while she was in the custody of the Swain County Detention Center. [Doc. 1]. She was mailed an Order of Instructions informing her of her responsibilities in this case, *inter alia*, keeping the Court advised of her current address at all times. [Doc. 4 at 2]. Plaintiff was cautioned that, if her address changed and she failed to promptly notify the Clerk of Court, this case may be dismissed for lack of prosecution. [Id.].

On December 30, 2019, mail addressed to Plaintiff was returned to the Court as undeliverable. [Docs. 11, 12]. Plaintiff also failed to fill out and return summons forms as instructed by the Court. [See Doc. 9]. On May

11, 2020, the Court ordered Plaintiff to show cause within 10 days why this matter should not be dismissed for failing to keep the Court apprised of her address and comply with its instructions to fill out and return summons forms. [Doc. 13]. The Court cautioned Plaintiff that failure to comply would result in dismissal of this action without prejudice. [Doc. 13 at 2]. The Court's May 11 Order was returned as undeliverable on May 18, 2020, [Doc. 14], and the time to comply has now expired.

A court has the "inherent power" to dismiss an action for want of prosecution. Link v. Wabash R. Co., 370 U.S. 626, 630 (1962). A dismissal for want of prosecution is appropriate when "the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Before dismissing a case under Rule 41(b), a district court should weigh: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Attkisson v. Holder, 925 F.3d 606, 625 (4th Cir. 2019) (quoting Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990)). These criteria are not a "rigid four-prong test." Id. (quoting Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir.

1989) (Powell, J.)). The propriety of an involuntary dismissal depends on the facts of each case and the court's exercise of sound discretion. Id.

Plaintiff is proceeding *pro se* and is therefore personally responsible for prosecuting this action. She has failed to keep the Court apprised of her current address, which has made it impossible for the Court to communicate with her. She has also failed to comply with several Orders such that the Defendants have not been served and the case cannot proceed. It appears that Plaintiff has abandoned this action and no sanction less severe than dismissal is effective. This action therefore will be dismissed without prejudice for lack of prosecution and for failing to comply with Court Orders.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of prosecution and for Plaintiff's failure to comply with this Court's Orders.

The Clerk of Court is respectfully directed to terminate this action.

**IT IS SO ORDERED.**   Signed: May 22, 2020

Martin Reidinger
United States District Judge